**JS-6**
**O**

# United States District Court
# Central District of California

| | |
|---|---|
| VALERIO RODRIGUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC; THE BANK OF NEW YORK MELLON; LAW OFFICES OF LES ZIEVE; and DOES 1–20, inclusive,<br><br>        Defendants. | Case No. 2:16-cv-5962-ODW(SK)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE [9]** |

## I. INTRODUCTION

Before the Court is Nationstar Mortgage LLC and The Bank of New York Mellon's (collectively, "Defendants") Motion to Dismiss Plaintiff Valerio Rodriguez's Complaint for failure to state a claim. (ECF No. 9.) For the reasons discussed below, the Court **GRANTS** the Motion as unopposed.

## II. FACTUAL BACKGROUND

On June 30, 2016, Plaintiff Valerio Rodriguez filed this action in the Superior Court of Los Angeles, alleging claims for promissory estoppel, negligence, intentional interference with economic advantage, unfair business practices, quiet title, and cancellation of trustee's deed upon sale. (Compl., Not. of Removal, Ex. B, ECF No. 1.) Plaintiff's claims arise out of his attempts to rescind a foreclosure sale of his property after his loan default and attempted short sale. (*Id.*)

Defendants removed the action to this Court on August 10, 2016. (ECF No. 1.) Now before the Court is Defendants' Motion to Dismiss. (Mot., ECF No. 9.) Defendants seek to dismiss the Complaint in its entirety, contending that Plaintiff (1) did not detrimentally rely on Defendants' promises; (2) has not met the heightened pleading standard required for fraudulent conduct or quiet title; (3) cannot show any wrongful conduct; and (4) lacks standing to bring an unfair business practices claim. (*Id.* 1–2.)

The Court set a hearing date of September 19, 2016 for the Motion. (ECF No. 9.) Plaintiff's opposition to the Motion was due on August 29, 2016, though no opposition was filed. Defendants' Motion is now before the Court for decision.[1]

## III. DISCUSSION

Local Civil Rule 7-9 requires a party opposing a motion to file an opposition or

---

[1] After carefully considering the papers (or lack thereof) filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

statement of non-opposition at least twenty-one days before the noticed hearing date. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). Even though the court has an obligation to liberally construe their pleadings, even "pro se litigants are bound by the rules of procedure." *Ghazali*, 46 F.3d at 54. Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Plaintiff clearly violated Local Rule 7-9 by failing to file a timely opposition or non-opposition to the instant Motion. With a noticed hearing date of September 19, 2016, Plaintiff's response was due August 29, 2016. (ECF No. 9.) No opposition was filed. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss in its entirety. *See Ghazali*, 46 F.3d at 53. While public policy and the availability of less drastic sanctions would usually counsel in favor of denial of the motion, the Court accepts Plaintiff's lack of response as acquiescence. Where the Plaintiff does not oppose dismissal, it is unnecessary for the Court to consider less drastic alternatives. Moreover, Plaintiff is represented by counsel in this matter, and thus cannot claim ignorance of the filing deadlines.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss as unopposed. *See* L.R. 7-9; *see also Ghazali*, 46 F.3d at 53; *Holt v. I.R.S.*, 231 Fed. Appx. 557, 558

(9th Cir. 2007) (court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting pro se plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition). The Court **DISMISSES** Plaintiff's Complaint with prejudice.

**IT IS SO ORDERED.**

September 1, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**